# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CR-20426-RUIZ

**UNITED STATES OF AMERICA ,**

      Plaintiff,

v.

**GEORVANYS RODRIGUEZ PINEDA,**

      Defendant.

_____/

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

### Consideration of Direct and Circumstantial Evidence;

### <u>Argument of Counsel; Comments by the Court</u>

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## On or About; Knowingly; Willfully – Generally

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

### Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## Similar Acts Evidence

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, or the Defendant committed the acts charged in the indictment by accident or mistake.

### Note-taking

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Introduction to Offense Instructions

At this time, I will explain the indictment, which charges the Defendant Georvanys Rodriguez Pineda with five separate offenses called counts. I will not read the indictment to you again because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that Defendant Georvanys Rodriguez Pineda conspired knowingly and willfully together and with others known and unknown to commit health care fraud and wire fraud. Counts 2 through 5 charge that on the dates specified in the indictment, Defendant Georvanys Rodriguez Pineda knowingly and willfully executed a scheme or artifice to defraud a health care benefit program.

**Conspiracy to Commit Health Care Fraud and Wire Fraud (Count 1)**
**18 U.S.C. § 1349**

Count 1 charges the Defendant Georvanys Rodriguez Pineda with violating Title 18, United States Code, Section 1349, which makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:          That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second:      That the defendant knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in

that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not participate before, and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

### Wire Fraud
### 18 U.S.C. § 1343

Title 18, United States Code, Section 1343 makes it a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

### Health Care Fraud (Counts 2 – 5)
### 18 U.S.C. § 1347

Counts 2 through 5 allege that Defendant Georvanys Rodriguez Pineda committed health care fraud. Title 18, United States Code, Section 1347 makes it a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health- care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of the offense of health care fraud only if all the following facts are proved beyond a reasonable doubt:

First:       the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, by using false or fraudulent pretenses, representations, or promises;

Second:      the health care benefit program affected interstate commerce;

Third:       the false or fraudulent pretenses, representations, or promises related to a material fact;

Fourth:      the Defendant acted willfully and intended to defraud; and

Fifth:       the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the health care program itself either engaged in interstate

commerce or that its activity affected interstate commerce to any degree. The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment

### Aiding and Abetting (Agency)
### 18 U.S.C. § 2

Defendant Georvanys Rodriguez Pineda is also charged in Counts 2 through 5 of the indictment with aiding and abetting the commission of the offenses of health care fraud.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

### Deliberate Ignorance as Proof of Knowledge

If a defendant's knowledge of a fact is an essential part of a crime, it's enough that the defendant was aware of a high probability that the fact existed – unless the defendant actually believed the fact didn't exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed he participated in a scheme or artifice to defraud Medicare and the LINET program, and deliberately and consciously tried to avoid learning that there was a scheme or artifice to defraud Medicare and Medicare drug plan sponsors, in order to be able to say, if apprehended, that he was unaware of the scheme to defraud Medicare and the LINET program, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that the Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually participated in a scheme or artifice to defraud a health care benefit program; or (2) that he deliberately closed his eyes to what she had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

### Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**Caution: Punishment**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## **Stipulations**

Stipulations are facts which are stipulated to and agreed to by counsel, that have been read to you and will accepted by you as evidence, and it is agreed to as being considered as facts by you. Of course, you determine what weight should be given to the evidence.

## **Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the cas

### **Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.